**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANTHONY TOSCO, and | : | |
| TOSCO ELITE, LLC | : | CIVIL ACTION |
| | : | |
| Plaintiffs | : | |
| v. | : | |
| | : | NO. 07-0324 |
| BALDRIDGE REAL ESTATE, INC., et al. | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

BUCKWALTER, S. J.                                          February 24, 2014

  Pending before the Court are the Plaintiffs' Petition to Re-Open Lawsuit and Defendants'

Motion to Dismiss.  For the following reasons, Plaintiffs' Petition to Re-Open Lawsuit is granted

and Defendants' Motion to Dismiss is denied.

## I. FACTUAL AND PROCEDURAL HISTORY

  Given the parties' familiarity with the facts, the Court will state only those facts relevant

to the pending motions.  This action stems from real estate dealings from 2003 through 2005

between Plaintiffs Anthony Tosco and Tosco Elite, LLC ("Plaintiffs") and Defendants Baldridge

Real Estate, Inc., Gunna Development, LLC, Gundaker Commercial Group, Gunna-Middletown,

LLC, Gunna-Brick, LLC, Gunna-Bayville, LLC, Gunna-Rio Grande, LLC, Kenneth Baldridge,

and C. Allen Kann ("Defendants") involving various sites in Pennsylvania and New Jersey.

Plaintiffs initiated the present litigation when they filed their Complaint on January 25, 2007.

Following some initial motion practice, Plaintiffs filed an Amended Complaint on July 21, 2008,

adding C. Allen Kann ("Kann") as a Defendant.  Kann was either member, owner, or executive

director of several business entity Defendants in this case.  (Am. Compl. ¶¶ 4–13.)

On October 29, 2008, Kann filed for Chapter 7 Bankruptcy in the Bankruptcy Court for the Eastern District of Missouri.  (Order of Apr. 22, 2009.)  Following the Plaintiffs' filing of a "Suggestion of Bankruptcy," the Court placed this case on the Civil Suspense Docket due to the pending bankruptcy proceeding against Kann.  (Id.)

On June 3, 2009, the Bankruptcy Court for the Eastern District of Missouri entered an order discharging Kann.  (Defs.' Resp. in Opp'n and Mot. to Dismiss, Ex. B, Docket Rep. for In re C. Allen Kann, No. 08-48554 (Bank. E.D. Mo.) "In re C. Allen Kann Docket Report.")  Nearly four years later, on April 3, 2013, the Bankruptcy Court for the Eastern District of Missouri closed Kann's bankruptcy proceeding with the issuance of its Final Decree.  (Id.)

After more than four years without any action having been taken by any of the parties, this Court issued an Order on September 12, 2013, removing the present case from the Civil Suspense Docket and closing the matter.  (Order of September 12, 2013.)  On October 11, 2013, Plaintiffs filed an "Application/Petition to Re-Open Lawsuit."  Defendants filed a Response in Opposition to the "Application/Petition to Re-Open Lawsuit" and Cross-Motion to Dismiss on November 27, 2013.  Plaintiffs filed a Memorandum in Support of their original "Application/Petition" and Response in Opposition to the Motion to Dismiss on December 11, 2013.  Defendants filed a Reply on December 18, 2013.  The motions are now ripe for review.

## II.    DISCUSSION

Under Rule 41.1(a) of the Local Rules of the Eastern District of Pennsylvania, if more than one year has passed since the last proceeding docketed in a civil action, "the action shall be dismissed[.]"  E.D. Pa. R. 41.1(a).  Prior to dismissal, however, the Clerk must issue a notice to counsel of record in the case and, for a period of thirty days from the date of the notice, a plaintiff

2

may make a written application to keep the case open for good cause.  Id.  The United States

Court of Appeals for the Third Circuit has instructed that when deciding whether to dismiss a

case for lack of prosecution, the court should consider the following factors: (1) the extent of the

party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet

scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct

of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other

than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of

the claim or defense.  Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002) (citing Poulis v.

State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984)).

Plaintiffs argue that the present case should remain open because they were entitled to an

automatic stay until the close of Kann's bankruptcy proceeding and only six months had passed

between the closure of Kann's bankruptcy and Plaintiffs' application to re-open.  (Pls.' Resp. in

Opp'n to Defs.' Mot. to Dismiss 2–3.)  Alternatively, Plaintiffs argue that they had good cause to

wait until the close of Kann's bankruptcy proceeding to prosecute the present case because Kann

was owner and/or executive director of various business entity Defendants in the present case and

"[a]s long as [Kann's] bankruptcy remained open, it was potentially material to the Plaintiffs'

actual trial strategy."  (Id. at 5.)  Defendants respond that the case should be closed and dismissed

because, under 11 U.S.C. § 362(c)(2), the automatic stay only extended to Plaintiffs' case against

Kann personally, not to the other Defendants in this matter, and that any automatic stay ended

more than four years ago when Kann was discharged from his bankruptcy proceeding on June 3,

2009.

Defendants are correct that under 11 U.S.C. § 362(c)(2), in a Chapter 7 Bankruptcy

3

proceeding, an automatic stay of a judicial proceeding against a debtor continues until the earliest of: (a) close of the bankruptcy case; (b) dismissal of the bankruptcy case; or (c) the grant or denial of a discharge.  11 U.S.C. § 362(c)(2).  Kann's bankruptcy was a Chapter 7 Bankruptcy. (In re C. Allen Kann Docket Report.)  The Bankruptcy Court granted a discharge on June 3, 2009, and then closed the case on April 3, 2013.  (Id.)

The task at hand for this Court, however, is not determining the date on which any automatic stay against Kann might have ended.  Rather, the Court must determine whether it should dismiss this case for Plaintiffs' failure to prosecute.  That question is broader than any single Bankruptcy Code provision, as Third Circuit, as set forth above, clearly enumerated the factors to consider.  Emerson, 296 F.3d at 190.  Several of these factors have a particular bearing on the present case.  While this case has spent much time in limbo, discovery closed prior to the Court's placement of the case on the Civil Suspense Docket, and no delay or prejudice has been "caused by the failure to meet scheduling orders and respond to discovery."  Id.  Looking at the docket of the present case, Plaintiffs did not have "a history of dilatoriness" prior to this case's placement on the Civil Suspense Docket, nor do Plaintiffs appear to have acted "in bad faith." Id.  Finally, in examining "the meritoriousness of the claim," this Court has already determined that there is a dispute of material fact sufficient to deny Defendants' Motion for Summary Judgment and proceed to trial.  Id.; Tosco v. Baldridge Real Estate, Inc., No. Civ.A 07-324, 2008 WL 2705543, *1, *5–6 (E.D. Pa., Jul. 10, 2008).  In light of these facts, the balance of the Emerson factors weighs in favor of allowing the present case to continue. Accordingly, the Court finds that Plaintiffs have shown good cause to keep this case open.

4

**III.    CONCLUSION**

For all of the foregoing reasons, the Court will grant Plaintiffs' Petition/Application to Re-Open Lawsuit and deny the Defendants' Cross-Motion to Dismiss.

An appropriate order follows.